[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CUSTODY SUPPORT ALIMONY PENDENTE LITE
After hearing evidence and testimony the Court makes the following findings and conclusions.
The parties have agreed, and the Court hereby orders, that the parties shall enjoy joint legal custody of their minor child, Katherine Findlay, born January 10, 1988. Katherine's primary residence shall be that of her mother, the plaintiff. The defendant father is to have reasonable and liberal visitation with Katherine. The defendant shall have exclusive possession of the marital home located at 694 Rye Street, South Windsor, Connecticut.
The parties are to share equally any unreimbursed medical, dental and similar obligations incurred for the benefit of the minor child.
The Court further finds that the plaintiff is employed as a tailor at the rate of $8.15 per hour and averages between 26 and 30 hours per week at that rate for a gross weekly income of approximately $225.23, which, after CT Page 9839 allowable deductions, nets her approximately $111.36. She has received $100.00 per week as rent from a resident of her home, but she testified that income would no longer be forthcoming after September 30, 1992.
The plaintiff also received $130.00 per week as support from the defendant. She further testified that she occasionally earns $5.00 to $10.00 per week for private mending jobs.
The plaintiff presently pays approximately $85.00 per week for day care, babysitting and nursery school for her four-year old daughter.
The defendant is the owner of Mark's Floor Covering. He testified that all of his customers are referrals from Manchester Wallpaper and Paint. He installs materials sold by that store, charging $2.50 per square yard to install carpeting and $5.00 per square foot to install vinyl floor covering. His financial affidavit indicates his weekly income to be $500.00. Allowable deductions reduce that income to a net of $362.50 per week. He also performs occasional private installation to supplement his income. No competent evidence was offered to establish the exact amount of that extra income. He also is reimbursed for his out-of-pocket expenditures for supplies.
Based upon his testimony and the financial records concerning his compensation of $22,165.31 for the first six months of 1992 (Plaintiff's Exhibit 1), the Court finds the defendant's gross weekly income to be no less than $715.00. With adjustment for allowable deductions, the defendant's net weekly income is found to be $577.50.
The combined net income of the parties is $688.86 and the support obligation for their four-year old daughter is found to be $179.00 per week.
The court orders the defendant to pay to the plaintiff the sum of $100.00 per week for the benefit of said minor child. The defendant is also ordered to pay to the plaintiff the sum of $30.00 per week for day care costs incurred for the benefit of the minor child, or one-half the weekly amount paid to the plaintiff, whichever amount is less. Plaintiff is to provide defendant with records of payment of day care CT Page 9840 costs upon demand.
The Court acknowledges that the support obligation of the defendant is less than the support guidelines and permits a deviation from those guidelines based upon the defendant's current support obligation for his children of a prior marriage.
The Court enters no orders as to counsel fees at this time. The foregoing orders are effective retroactively to September 3, 1992.
BY THE COURT:
J. W. Doherty, J.